UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO ANGLERO AND
TIFFANY CAPPELEN,

    Plaintiffs,

v.                                State Court Case No.: 2025 CC 000418
                                  Federal Court Case No.: _____

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, THE FIRST LIBERTY INSURANCE CORPORATION (hereinafter "First Liberty"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby files this Notice of Removal ("Notice") of this action from the County Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal states:

**INTRODUCTION**

1. The Plaintiffs, Antonio Anglero and Tiffany Cappelen, served this breach of contract action on First Liberty on February 12, 2025, in the County Court of the Eighteenth Fifth Judicial Circuit in and for Seminole County, Florida. The Plaintiffs allege that First Liberty breached the policy by its failure to tender an

appropriate amount to repair the property. *See* Plaintiffs' Complaint, ¶ 13, a copy of which is contained within the State Court file attached as Exhibit "1."

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This breach of contract action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit "1."

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiffs, Antonio Anglero and Tiffany Cappelen, are now and were at the time of the filing of the Complaint, citizens of the State of Florida. *See* Complaint, ¶ 8, and Seminole County Property Appraiser records indicating Plaintiffs' homestead status, attached as Exhibit "2."

5. First Liberty is now, and was at the time of the filing of the Complaint, an Illinois corporation, with its principal place of business in Boston, Massachusetts. Thus, First Liberty is a citizen of Illinois and Massachusetts. *See* 28 U.S.C. § 1332(c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Throughout the course of the subject litigation, Plaintiffs' counsel sent counsel for First Liberty an updated estimate, which the Plaintiffs seek to recover in connection with the subject claim. The estimate totals $133,311.49. A copy of the estimate is attached as Exhibit "3."

7. First Liberty denied this claim.

8. Therefore, the amount in controversy in this matter exceeds this Court's jurisdictional threshold of $75,000.00. *See* 28 U.S.C. § 1332(a).

## REMOVAL IS OTHERWISE PROPER

9. First Liberty was served with Plaintiffs' Complaint on February 12, 2025. *See* Notice of Service of Process at Exhibit "1."

10. However, the case as stated by the initial pleading was not removable at that time because the alleged amount in controversy did not exceed the amount specified in 28 U.S.C. § 1332(a).

11. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

12. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

13. "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

14. Further, 28 U.S.C. § 1446(c)(1) states "a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

15. The estimate was first sent to counsel for First Liberty via email on August 25, 2025. A copy of the email with estimate is attached as Exhibit "4."

16. This Notice has been filed within 30 days of receipt of the estimate evidencing the amount in dispute is greater than $75,000.00, within one (1) year of First Liberty being served with the lawsuit, and therefore is timely pursuant to 28

U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

17. Venue exists in the Middle District of Florida, Orlando Division, because the County Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida is located within this District and Division.

18. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk of the County Court for Seminole County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "5."

WHEREFORE, the Defendant, THE FIRST LIBERTY INSURANCE CORPORATION, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the County Court of Seminole County, Florida to this Court.

Respectfully submitted,

*/s/ Kathryn A. Keller, Esquire*
KATHRYN A. KELLER, ESQUIRE
Fla. Bar No. 0123857
kkeller@tlsslaw.com
**Lead Trial Counsel**
Traub Lieberman Straus & Shrewsberry, LLP
55 First Street South
St. Petersburg, Florida 33701
(727) 898-8100 - Telephone
(727) 895-4838 - Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on *September 16, 2025,* I electronically filed the foregoing with the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to Julianna L. Weiss, Esquire of The Law Offices of Carrington Jones, PLLC at 3333 South Orange Avenue, Suite 104, Orlando, FL 32806 at carrington@mylawyercan.com; julianna@mylawyercan.com; and paul@mylawyercan.com.

                                                      */s/ Kathryn A. Keller, Esquire*
                                                      KATHRYN A. KELLER, ESQUIRE
                                                      Fla. Bar No. 0123857